**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

IT PORTFOLIO, INC., *a Colorado Corporation*,

                         Plaintiff,

           -against-

FACSIMILE COMMUNICATIONS
INDUSTRIES, INC., *a Delaware Corporation*,
and ATLANTIC TECHNOLOGY
INTEGRATORS, LLC, *a Delaware Limited
Liability Company*,

                         Defendants.

------------------------------------- x

<u>MEMORANDUM DECISION
AND ORDER</u>

18 Civ. 9586 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff IT Portfolio, Inc. ("ITP") brought this action against Defendants Facsimile Communications Industries, Inc. ("Facsimile") and Atlantic Technology Integrators, LLC ("ATI") for breach of contract, breach of implied contract, and unjust enrichment. (*See* Compl., ECF No. 1, ¶¶ 51–97.) On December 13, 2018, Defendants moved to dismiss the complaint for, *inter alia*, failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (*See id.*) This Court granted that motion on May 31, 2019. (*See* Mem. Decision and Order, ECF No. 39.)

Plaintiff moves this Court to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). (*See* Pl.'s Notice of Mot. to Alter or Amend J., ECF No. 41.) Plaintiff argues, *inter alia*, that in this Court's May 31, 2019 decision, this Court erroneously interpreted the language of the operative Software Development and Assignment Agreement (the "Software Agreement"). (*See* Pl. ITP's Mem. of Law in Supp. of Pl.'s Mot. to Alter or Amend J. Dismissing Pl.'s Compl. ("Pl.'s Mem."), ECF No. 42, at 1.) Plaintiff's motion is DENIED.

---

[1] Defendants alternatively moved to dismiss the complaint for failure to join a required party pursuant to Federal Rule of Civil Procedure 12(b)(7). (*See* Defs.' Notice of Mot. to Dismiss, ECF No. 19.)

## I. FACTUAL BACKGROUND

The relevant factual and procedural background is set forth in greater detail in this Court's May 31, 2019 decision, which is incorporated by reference herein. (*See* Mem. Decision and Order.) In its motion to alter or amend a judgment, Plaintiff asserts that as to the breach of contract claim, there is no basis for this Court to have "ruled that the plain language of the [Software Agreement] required that the agreement be terminated in order for the Plaintiff to accelerate the Continuing Payments."[2] (Pl.'s Mem. at 1.) Plaintiff further contends that its unjust enrichment claim should not have been dismissed given that it was "pleaded in the alternative and can exist in a Complaint with a claim for breach of an express contract." (*Id.* at 8–10.)

## II. LEGAL STANDARD

The standard governing a motion to alter or amend a judgment pursuant to Rule 59(e) is identical to that governing a motion for reconsideration pursuant to Local Civil Rule 6.3. *Sullivan v. N.Y.C. Dep't of Investigation*, No. 12 Civ. 2564 (TPG), 2016 WL 7106148, at *3 (S.D.N.Y. Dec. 6, 2016) (quoting *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007)). Both Rule 59(e) and Local Civil Rule 6.3 "are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re AXA Equitable Life Ins. Co. COI Litig.*, No. 16 Civ. 740 (JMF), 2018 WL 3632500, at *1 (S.D.N.Y. July 30, 2018) (citation omitted). "[T]he standard for granting . . . a [Rule 59(e)] motion is strict," and is met only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*,

---

[2] As noted in the decision, the "Continuing Payment" is defined as the obligation of Defendants' predecessor, NER Data Products, Inc. ("NER"), to continue paying ITP a certain percentage of NER's adjusted gross sales of the Print4 Software for three and a half additional years upon termination under Section 11.2 of the Software Agreement. (*Id.* at 2.)

2

70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "Accordingly, motions that 'simply regurgitate the arguments that this Court previously rejected' should be denied." *Prout v. Vladeck*, 319 F. Supp. 3d 741, 744 (S.D.N.Y. 2018) (citation omitted).

## III. PLAINTIFF'S MOTION TO ALTER OR AMEND A JUDGMENT IS DENIED

Plaintiff's motion to alter or amend a judgment merely rehashes arguments previously made in its opposition to Defendants' motion to dismiss, which this Court reviewed carefully and addressed fully in its May 31, 2019 decision.[3] Plaintiff fails to identify controlling case law or specific facts that it believes this Court overlooked in ruling on the motion to dismiss. Instead, Plaintiff merely advances its disagreement with this Court's decision.

### A. This Court Did Not Err in Finding that Plaintiff Terminated the Software Agreement.

Plaintiff asserted in its complaint and in its opposition to Defendants' motion to dismiss, and now asserts again, that by demanding the acceleration of the Continuing Payments, it did not elect to terminate the Software Agreement *in its entirety*, but that it instead only intended to terminate Development Services[4] *within* the Software Agreement. (*Compare* Compl. ¶¶ 20–21 (claiming that the Software Agreement provided that "upon breach by NER, ITP could elect to terminate further development services and that NER would then be responsible to pay to ITP . . . 'Continuing Payments'" and that Plaintiff elected to exercise the termination of Development Services), *and* Pl. ITP's Mem. of Law in Opp. to Defs.' Mot. to Dismiss ("Pl.'s MTD Opp."), ECF No. 28, at 16–17 (same), *with* Pl.'s Mem. at 4 (same).) In support of this assertion, Plaintiff relies upon *Triboro Quilt Manufacturing Corporation v. Luve LLC*, No. 10 Civ. 3604 (VB), 2014 WL

---

[3] This Court need not address Defendants' argument regarding judicial estoppel in its opposition brief to Plaintiff's motion to alter or amend a judgment. (Defs.' Br. in Opp. to Pl.'s Mot. to Alter or Amend J. Dismissing the Compl., ECF No. 43, 5.)

[4] The term "Development Services" is in reference to ITP's agreement to "develop, design, and integrate the Print4 Software, expanding and revising the design and providing maintenance and training as necessary." (Compl. ¶¶ 9–10.)

3

1508606 (S.D.N.Y. Mar. 18, 2014), the same case that it previously relied upon in its opposition to the motion to dismiss. (*Compare* Pl.'s MTD Opp. at 17, *with* Pl.'s Mem. at 4.) Specifically, Plaintiff refers to this case for the proposition that "[w]hen a party materially breaches a contract, the non-breaching party must choose between two remedies—he can elect to terminate the contract and recover liquidated damages or he can continue the contract and recover damages solely for the breach." *Triboro*, 2014 WL 1508606, at *14 (citation omitted).

In ruling on the motion to dismiss, this Court rejected Plaintiff's contention on the grounds that "reading Section 11.1 together with Section 11.2 [of the Software Agreement] underscores that ITP did not just discontinue its Development Services, but rather terminated the Software Agreement . . . since Section 11.2 only gives ITP the 'right to accelerate any amounts still owing' on the Continuing Payments 'in the event of a default by NER for non-payment of the Continuing *after termination.*'" (Mem. Decision and Order at 7 (emphasis added) (citations omitted).) As this Court found then, and finds again now, it is therefore evident that ITP accelerated NER's Continuing Payments on the same day it terminated the agreement. (*Id.* (citing Compl. ¶ 21).) Because ITP does not present any evidence that the parties chose to deviate from the plain meaning of the contract, this holding stands. Further, Plaintiff—other than offering its own interpretation of the relevant sections of the Software Agreement, (*see* Pl.'s Mem. at 5–7), which this Court already reviewed and addressed in its May 31, 2019 decision—points to no controlling case law or factual matters that this Court overlooked. *Shrader*, 70 F.3d at 257.

Plaintiff argued in its opposition to Defendants' motion to dismiss, and now argues again, that its rights in the Software Agreement survived termination. (*Compare* Pl.'s MTD Opp. at 16–17, *with* Pl.'s Mem. at 7–8.) Specifically, Plaintiff claims that in finding that Section 11.3 of the Software Agreement "supports Defendants' argument that NER owned the Print4 Software free and clear of all liens and could sell it without NER's consent[,]" this Court "ignore[d] significant

4

provisions of the Software Agreement." (Pl.'s Mem. at 7.) This Court did not overlook such provisions—namely, Section 11.3, Article 7, and Article 10—and, instead, fully analyzed and interpreted them in its original decision. According to Section 11.3, "[w]ithin ninety (90) days after . . . discontinuation of [the Software Agreement] based upon the . . . termination by ITP, ITP shall deliver to NER all up to date Source and Object Code for the current release of the Print4 Software, all full or partial copies of the Print4 Software, Derivative Products and Software Documentation in ITP's possession or under its control." (Decl. of Reginald H. Rutishauser in Supp. of Defs' Mot. to Dismiss, Ex. B (Software Agreement), ECF No. 20-2, ¶ 11.3.) This section states that if ITP terminates the Software Agreement, NER will have full ownership of the Print4 Software. Because ITP terminated the Software Agreement, NER owned the Print4 Software free and clear of any liens and was free to sell it to Facsimile. Plaintiff simply advances its disagreement with the way this Court interpreted the relevant provisions without identifying "intervening change of controlling law, the availability of new facts, or the need to correct a clear error." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted.)

**B. This Court Did Not Err in Dismissing Plaintiff's Unjust Enrichment Claim.**

Plaintiff claimed in its opposition to Defendants' motion to dismiss, and now claims again, that ITP may recover for unjust enrichment against Facsimile. (*Compare* Pl.'s MTD Opp. at 19–21, *with* Pl.'s Mem. at 8–9.) Plaintiff asserts that whereas this Court "dismissed the claim for unjust enrichment, finding that the presence of an express contract precludes suit in quasi contract[,]" the claim was "pleaded in the alternative and [could] exist in a Complaint with a claim for breach of an express contract." (Pl.'s Mem. at 8.) Plaintiff's argument fails for substantively the same reasons as does its first argument. In Colorado, "a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the *same* subject matter

5

because the express contract precludes any implied-in-law contract." *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003) (emphasis added). This Court found that the Software Agreement, the operative express contract, in fact covers the subject of the alleged obligation of Facsimile to make payments to ITP, and that it "cannot create an obligation on Defendants to compensate ITP because the Software Agreement . . . was *terminated* well before NER sold the Print4 Software to Defendants." (Mem. Decision and Order at 9) (emphasis added).

Furthermore, the Software Agreement considered the potential for default and the assignment of interests *after* termination. Specifically, it assigned an interest in the Print4 Software to NER, which vested within ninety days after the termination of the Software Agreement. At that point NER was free to sell Print4. "[C]ourts will refuse quantum meruit recovery when expressly contrary to the provisions of the written contract between the parties." *Dudding v. Norton Frickey & Assocs.*, 11 P.3d 441, 445 (Colo. 2000) (citation omitted). The termination of the contract does not open the door to a claim for unjust enrichment because the agreement clearly contemplated the transfer of Print4 Software to NER. Therefore, this Court properly dismissed ITP's unjust enrichment claim.

## IV. CONCLUSION

Plaintiff's motion to alter or amend this Court's judgment dismissing Plaintiff's complaint, (ECF No. 41), is DENIED. The Clerk of Court is instructed to close the motion accordingly.

Dated: March 6, 2020
New York, New York

MAR 0 6 2020

SO ORDERED.

George B. Daniels
GEORGE B. DANIELS
United States District Judge

6